**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

QUEEN NAJA,     :  Civil No. 1:20-CV-02028
          :
    Appellant,   :
          :
    v.      :
          :
UNITED STATES TRUSTEE,  :
          :
    Appellee.   :  Judge Jennifer P. Wilson

## MEMORANDUM

This is an appeal from an order filed by the United States Bankruptcy Court for the Middle District of Pennsylvania dismissing self-represented Appellant Queen Naja's ("Naja") bankruptcy petition.[1]  Before the court are the merits of the appeal and nine motions filed by Naja.  Many of the motions seek to have the court bypass the merits of the appeal and award relief based on the underlying bankruptcy filing.  These motions have not been briefed by Naja.  Because the court finds Naja's appeal meritless, the court will deny the appeal and affirm the bankruptcy court's order.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 5, 2020, Naja, a self-represented litigant, filed an involuntary Chapter 7 bankruptcy petition on behalf of Royal Heirs Bank & Trust against

---

[1] The underlying bankruptcy case is located at docket number 1:20-bk-2954.

alleged debtor Brian Charles Denton,[2] listing the alleged debt as $100,000,[3] which the petition indicates is primarily consumer debt.  (Doc. 8-2, pp. 1–3.)[4]  The petition was signed by Queen Naja on behalf of the petitioner, Royal Heirs Bank & Trust, and listed an address of 2159 White Street, Suite 3-269, York, Pennsylvania 17404 for the petitioner and its purported representative.  (*Id.* at 4.)

On October 5, 2020, the bankruptcy court issued an order to show cause why the petitioner's case "should not be immediately dismissed for failure to comply with the conditions of 11 U.S.C. § 303(b)[.]"  (Doc. 9, p. 5.)  The next day, on October 6, 2020, the petitioner, through Naja, signed a motion to amend the petition to add two additional petitioning creditors, Royal Heirs Family Trust and the Naja Talibah Zahir Trust, both of which listed the same mailing address as

---

[2] The court notes that Denton is an associate district court judge sitting in Prince George County, Maryland.  *See* Maryland Manual On-line, *District Court of Maryland*, https://msa.maryland.gov/msa/mdmanual/32dc/html/msa16943.html (last visited Mar. 4, 2021); (*see also* Doc. 9, pp. 34–35.)  Indeed, the address listed for Denton is 14734 Main Street, Upper Marlboro, Maryland 20772, which is the address for the Prince George's County courthouse where Judge Denton sits.  *See* Maryland Courts, *Directory of Appellate, Circuit, District and Orphans' Courts*, https://www.courts.state.md.us/courtsdirectory/princegeorges (last visited Mar. 4, 2021); (*see also* Doc. 9, pp. 34–35).

[3] The court notes that the amount of the alleged debt appears as several different figures throughout the record.  For example, while the petition lists the alleged debt as $100,000, the purported UCC financing statement attached to the petition (dated October 4, 2020, the day before the involuntary Chapter 7 case was filed) lists the alleged debt as $5 billion plus $25,000 in "administrative fees," and Naja's notice of appeal lists the alleged debt as over $10 trillion. (Doc. 8-2, pp. 3, 5; Doc. 1, p. 5.)

[4] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Naja (2159 White Street, Suite 3-269, York, Pennsylvania 17404).  (Doc. 8-6,

pp. 4–5.)

On October 19, 2020, the United States Trustee filed a motion to dismiss the

petition, noting that the petitioners, "as either a trust or a private bank," are

artificial entities which may "only appear in bankruptcy court through counsel."

(Doc. 9, p. 10.)  The Trustee also noted that "the improper filing of a pro se case by

an artificial entity is a nullity which cannot be cured by the subsequent appearance

of counsel for the entity."  (*Id.* at 11.)  On October 22, 2020, the petitioners filed an

answer to the motion to dismiss, arguing that the Trustee's motion should be

stricken from the record, but otherwise providing no substantive response.  (*Id.* at

21.)  A few days later, on October 25, 2020, the attorney general of Maryland, on

behalf of Judge Denton, filed a motion to dismiss the case for cause under 11

U.S.C. § 303(k), largely joining in the arguments of the Trustee, and noting that the

bankruptcy court lacked personal jurisdiction over Judge Denton.  (*Id.* at 34–38.)

On October 27, 2020, the bankruptcy court held a hearing, during which the

petitioners failed to appear via licensed counsel or to show cause why the petition

should not be dismissed.  (Doc. 29.)  The bankruptcy court also established that the

petitioners, Royal Heirs Bank & Trust, Royal Heirs Family Trust, and Naja Talibah

Zahir Trust, are in fact private trusts.  (*Id.* at 6, 11, 17, 43.)  Moreover, the

bankruptcy court found that these private trusts were represented only by

"attorney-in-fact," trustee, and alleged beneficiary, Queen Naja, an individual

unlicensed to practice law in the Commonwealth of Pennsylvania or in the Middle

District.  (*Id.* at 10, 15, 17–18, 43.)  Thereafter, on October 29, 2020, the

bankruptcy court issued an order granting the motion to dismiss the petition with

prejudice, holding that the petitioner "is barred from filing any new petitions in the

United States Bankruptcy Court for the Middle District of Pennsylvania unless

represented by counsel licensed to practice in this Court."  (Doc. 1-2, p. 1.)

On November 2, 2020, Naja filed a notice of appeal of this order, arguing

that petitioners should have been afforded the opportunity to cure the defect and

seek licensed counsel, that the bankruptcy court "showed bad faith" by proceeding

with the hearing without affording petitioners the opportunity to seek licensed

counsel, and that the bankruptcy court should have reached the merits of the

petition.  (Doc. 1.)  Shortly after the notice of appeal was filed, Naja filed three

motions: a motion for default judgment, a motion for leave to appear, and a motion

to strike appearance which requested, inter alia, that this court reach the merits of

the underlying bankruptcy case.  (Docs. 2, 3, 4.)  Naja has continued to file

motions which largely seek similar relief.  Indeed, a total of nine motions are

currently pending in this appeal.  (Docs. 2, 3, 4, 19, 20, 21, 26, 28, 31.)  However,

because Naja has not filed a brief in support of any of these motions as required by

Local Rule 7.5, the court deems these motions withdrawn and will not address them further.

On December 1, 2020, both parties filed copies of the designated record from the bankruptcy court.  (Docs. 8, 9.)  Thereafter, on December 2, 2020, the court issued an order setting a briefing schedule for the appeal in this case in which the court noted that all briefs must comply with Federal Rules of Bankruptcy Procedure 8014, 8015, and 8018.  (Doc. 10.)  Naja filed a brief in support of the appeal on December 7, 2020.  (Doc. 11.)  The Trustee timely filed its brief on January 6, 2021.  (Doc. 24.)  Finally, the transcript of the October 27, 2020 bankruptcy court hearing was transmitted on January 12, 2021.  (Doc. 29.)  Thus, the appeal is ripe for disposition.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts.

## STANDARD OF REVIEW

The court reviews bankruptcy court decisions of law de novo.  *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).  The bankruptcy court's findings of fact will only be set aside if clearly erroneous.  Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set

aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *In re O'Brien*, 188 F.3d at 122.

## DISCUSSION

In this case, Naja argues that her appeal should be granted because: (1) petitioners should have been afforded the opportunity to cure the defect and seek licensed counsel; and (2) the bankruptcy court "showed bad faith" by proceeding with the hearing without affording petitioners the opportunity to seek licensed counsel.[5]  (Doc. 1.)  The Trustee asserts that Naja has forfeited these issues because Naja has failed to include any argument, authority, or citations to the record in support of these issues as required by Federal Rule of Bankruptcy Procedure 8014(a)(8), and therefore, the sole question on appeal is "whether the bankruptcy court abused its discretion by dismissing [petitioners' bankruptcy case] for cause under 11 U.S.C. § 707(a), with a bar on subsequent filings by the Petitioning Creditors unless they are represented by licensed counsel."  (Doc. 24, pp. 12–13.)  In addition, the Trustee posits that the appeal should be dismissed for

---

[5] Naja also argues that "the court must rule on relief to the Petitioner for the undisputed debt." (Doc. 1, p. 4.)  The court, sitting as an appellate court in this case, does not have the ability to grant this requested relief.  The substance of Naja's underlying bankruptcy case was untested and unaddressed because of a fundamental procedural flaw—the petitioners' failure to file the petition through licensed counsel—which required dismissal of the petition.  The court cannot now award relief on this procedurally defunct bankruptcy petition.  Many of Naja's motions requested the same relief.  Thus, even if the court did not deem the motions withdrawn, the requested relief could not be granted.

failure to appeal the artificial entities' interests through licensed counsel and because there is evidence that Naja filed the involuntary petition in bad faith.[6]  (*Id.* at 25–26.)  In the alternative, the Trustee claims that the bankruptcy court's order should be affirmed because the record supports the dismissal of the petition under 11 U.S.C. § 707(a) for Naja's failure to appear through licensed counsel.  (*Id.*)

As an initial matter, the court notes that the Trustee is correct that Naja has failed to comply with Federal Rule of Bankruptcy Procedure 8014(a)(8) as required by the federal rules and this court in its December 2, 2020 scheduling order, wherein it stated that "Appellant shall file a brief in support of the appeal on or before December 31, 2020 in compliance with Federal Rules of Bankruptcy Procedure 8014, 8015, and 8018."  (Doc. 10.)  Ordinarily, if this were a counseled appeal, the court would decline to address these issues as abandoned.  However, out of an abundance of caution, and noting Naja's status as a self-represented litigant, the court will address the arguments.

Turning to the merits of the appeal, it is well established that artificial entities, including trusts, "may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also*

---

[6] The court notes that of the nine motions presently pending on the docket, a motion to dismiss is not one of them.  Therefore, while the court notes that the Trustee's brief presents a veritable smorgasbord of dismissal options for this appeal, the court will not address these arguments because the court has not been presented with a motion to dismiss this appeal.

*Van De Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006).  It is undisputed that during the hearing on October 27, 2020, the bankruptcy court established that petitioners Royal Heirs Family Trust, Royal Heirs Bank & Trust, and the Naja Talibah Zahir Trust were indeed private trusts.  It was further established that these trusts were not represented by licensed counsel at any point during the life of the bankruptcy case.  Despite being on notice that licensed counsel was required based on the show cause order, the Trustee's motion to dismiss, and the bankruptcy court hearing, Naja never made any attempt to secure licensed counsel, never notified the bankruptcy court that she intended to seek licensed counsel, and never requested a continuance so that she could seek licensed counsel on behalf of these trusts.  Moreover, Naja never objected to the bankruptcy court opting to proceed with the October 27, 2020 hearing without affording her the opportunity to seek licensed counsel on behalf of the trusts.[7]  Because Naja never made these requests of the bankruptcy court prior to filing her appeal, the court considers these issues waived.

---

[7] Based on the Trustee's motion to dismiss before the bankruptcy court, the court has doubts that Naja could have cured this defect with the petition.  (*See* Doc. 9, p. 11 (citing *In re: Mann Realty Associates, Inc.*, No. 1:17-bk-00080-RNO (M.D. Pa. Mar. 2, 2017) (granting the UST's motion to dismiss a pro se bankruptcy proceeding filed by an artificial entity despite the subsequent appearance of counsel for the debtor); *In re: Poconos Land, LLC*, 343 B.R. 108, 113 (M.D. Pa 2005) (dismissing a bankruptcy case filed by a pro se artificial entity as "null and void"); *In re: Global Construction & Supply, Inc.*, 126 B.R. 573, 575 (E.D. Mo. 1991) (dismissing a bankruptcy proceeding which was filed by a pro se corporate debtor finding that the subsequent entry of appearance by an attorney for the corporate debtor did not cure the impermissible filing)).)

The bankruptcy court found that this procedural deficiency served as sufficient grounds for dismissal pursuant to 11 U.S.C. § 707(a). The court finds no error with this determination, noting from the Trustee's brief and the bankruptcy court hearing transcript that other courts have taken similar action. (*See* Doc. 24, p. 35 (citing *In re Castella Imports, Inc.*, No. 8-20-71868, 2020 WL 2121259, at *2 (E.D.N.Y. May 1, 2020) (dismissing involuntary chapter 7 case filed by artificial entities not represented by licensed counsel); *In re Abbington Partners, LLC*, No. 14-80681, 2014 WL 3735736, at *2 (M.D.N.C. Jul. 18, 2014) ("Lack of legal representation is grounds alone to dismiss a bankruptcy case brought by a corporation in federal court."); *In re Poconos Land, LLC*, 343 B.R. 108, 113 (M.D. Pa. 2005) (dismissing chapter 11 cases filed by artificial entities not represented by licensed counsel); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (N.D. Ohio 2001) (dismissing chapter 7 case filed by limited liability company not represented by licensed counsel)).)

Moreover, the court finds that the limiting language contained within the bankruptcy court's October 29, 2020 order, which prevents petitioners from filing any new petitions absent representation from licensed counsel, wholly appropriate in this case. The court notes that petitioners, through Naja, have filed a series of involuntary bankruptcy petitions against a number of individuals and entities, some of whom have required protective orders to avoid the negative credit implications

9

that accompany involuntary bankruptcy filings.  *See Royal Heirs Bank & Trust v. Commonwealth Bankr. Appeal*, No. 1:20-cv-1841; *Royal Heirs Bank & Trust v. Md. et al.*, No. 1:20-cv-1843; *In re: Queen Naja Bankr. Appeal*, No. 1:20-cv-2028; *In re: Queen Naja Bankr. Appeal*, 1:20-cv-2037.  As a result of these cases and appeals, significant effort and resources have been expended, which could have been avoided had petitioners filed their petitions with the assistance of licensed counsel.  Thus, in the future, it is appropriate to ensure that these entities obtain licensed counsel to assist their navigation of the bankruptcy court.

## CONCLUSION

For the foregoing reasons, Appellant's appeal will be denied.  (Doc. 1.)  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 8, 2021